In re C. Paul SMITH–GOODSON, Joan Smith–Goodson, Debtors.

C. Paul SMITH–GOODSON
et al., Plaintiffs,

v.

CITFED MORTGAGE CORP.
et al., Defendants.

Bankruptcy No. 3–91–02994.
Adv. No. 3–92–0164.

United States Bankruptcy Court,
S.D. Ohio, W.D.

Aug. 11, 1992.

Wayne P. Novick, Centerville, Ohio, for debtors.

Donald E. Miehls, Dayton, Ohio, for defendant, CitFed Mortg. Corp. of America.

Kenneth E. Barden, Chief General Counsel and Steven R. Milby, Dayton, Ohio, for defendants, C. Wiltsee, Department of Urban Development, Director and Chief of the Dept. of Fire, and City Prosecutor's Office.

George W. Ledford, Englewood, Ohio, chapter 13 trustee.

DECISION ON ORDER GRANTING MOTION FOR SUMMARY JUDGMENT TO C. WILTSEE, THE DEPARTMENT OF URBAN DEVELOPMENT, THE DIRECTOR AND CHIEF OF THE DEPARTMENT OF FIRE, AND THE CITY PROSECUTOR'S OFFICE

WILLIAM A. CLARK, Bankruptcy Judge.

Before the court is a motion for summary judgment filed by certain of the defendants. The court has jurisdiction pursuant to 28 U.S.C. § 1334 and the standing order of reference entered in this district. This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(A)—matters concerning the administration of the estate.

## FACTS

On June 24, 1991, the debtors, C. Paul Smith–Goodson and Joan F. Smith–Goodson, filed a petition in bankruptcy pursuant to chapter 13 of the Bankruptcy Code. The debtors' schedules listed certain real estate at 1019 Old Orchard Avenue, Dayton, Ohio, as an asset of the estate and as secured by a mortgage held by CitFed Mortgage Corporation.

On February 9, 1992, defendant C. Wiltsee served upon the debtors a "Notice of Violations and Orders for Compliance," which notified the debtors that the "property was found to have existing violations of City of Dayton Ordinances" and directed the debtors "to take the remedial action necessary to correct each of these violations as indicated." In addition, the notice declared the property to be a public nuisance, and ordered the property vacated until "the dwelling and premises have been made to comply with all applicable laws and orders...."

A "Notification of Public Nuisance and Securing by the City of Dayton" was sent on March 18, 1992, to the debtors' attorney by the "Department of Urban Development, Division of Neighborhood Development," which ordered the debtors to abate the public nuisance. The notice also stated that if the debtors did not abate the nuisance, the city would do so, and the costs of abatement would be assessed against the property, or the City of Dayton would file a civil action against the debtors. Finally, the debtors were warned that failure to abate a public nuisance may result in criminal prosecution.

Although the automatic stay of § 362 of the Bankruptcy Code has previously been lifted so that CitFed Mortgage could proceed to foreclose against the property, and the debtors' complaint refers to a "surrender" of the property to CitFed Mortgage, no evidence has been submitted to the court by the debtors to establish that the debtors are not the current owners of record of the real estate.[1]

Plaintiffs/debtors filed this adversary proceeding against CitFed Mortgage Corp., C. Wiltsee, the Department of Urban Development, the Director and Chief of the Department of Fire, the City Prosecutor's Office, and the standing chapter 13 trustee for violation of the automatic stay of § 362(a) and for a restraining order under § 105 of the Bankruptcy Code. Presently before the court is a motion for summary judgment filed by all of the defendants, except CitFed Mortgage and the standing chapter 13 trustee.[2]

## CONCLUSIONS OF LAW

Section 362(a) of the Bankruptcy Code prevents a variety of actions by entities against a debtor, a debtor's property, and property of a debtor's bankruptcy estate. However, Congress has expressly determined that certain acts are not *automatically* stayed upon the filing of a petition in bankruptcy. In particular, § 362(b) pro-

---

1. An exhibit attached to the plaintiffs' complaint, entitled "Evidence of Ownership," and dated March 1, 1992, states that record title appears in the name of C. Paul Smith–Goodson. If the debtors are not the owners of the property, there is, of course, no property to be protected by the automatic stay.

2. Because of the court's disposition of the motion for summary judgment, it is unnecessary to rule on the other branches of the moving defendants' motion concerning lack of subject matter jurisdiction and failure to state a claim upon which relief may be granted.

vides that the filing of a bankruptcy petition does not operate as a stay:

under subsection (a)(1) of this section, of the commencement or continuation of an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power.

11 U.S.C. § 326(b)(4).

The legislative history to § 362(b)(4) makes it clear that one of the purposes of this exception to the automatic stay is to protect public health and safety. *Midlantic Nat'l Bank v. New Jersey Dept. of Environmental Protection*, 474 U.S. 494, 502, 106 S.Ct. 755, 761, 88 L.Ed.2d 859 (1986).

Paragraph (4) excepts commencement or continuation of actions and proceedings by governmental units to enforce police or regulatory powers. Thus, where a governmental unit is suing a debtor to prevent or stop violation of fraud, environmental protection, consumer protection, safety, or similar police or regulatory laws, or attempting to fix damages for violation of such a law, the action or proceeding is not stayed under the automatic stay. H.R.Rep. No. 595, 95th Cong., 1st Sess. 343 (1977); S.Rep. No. 989, 95th Cong., 2d Sess. 52 (1978).

In short, Congress has determined that the goal of preserving a debtor's estate is not always the dominant goal of bankruptcy proceedings. *Penn Terra Limited v. Dept. of Environmental Resources, Commonwealth of Pennsylvania*, 733 F.2d 267, 278 (3rd Cir.1984). "The provisions of the Bankruptcy Code do not and are not intended to provide an automatic mechanism for relieving property owners of the unpleasant effects of valid local laws embodying police and regulatory provisions." *Matter of Kennise Diversified Corp.*, 34 B.R. 237, 245 (Bankr.S.D.N.Y.1983).

■ In the Sixth Circuit, there are two tests for determining whether an action by a governmental unit falls within the automatic stay or is excepted under the police power exception: the pecuniary purpose test and the public policy test. *Word v. Commerce Oil Co. (In re Commerce Oil Co.)*, 847 F.2d 291 (6th Cir.1988); *N.L.R.B.*

*v. Edward Cooper Painting, Inc.*, 804 F.2d 934 (6th Cir.1986). Under the pecuniary purpose test, the court asks whether the governmental proceeding relates *primarily* to the protection of the government's pecuniary interest in the debtors' property and not to matters of public safety and health. Proceedings which relate to matters of public safety are excepted from the stay. *N.L.R.B. v. Edward Cooper Painting, Inc.*, 804 F.2d at 942. Here, the actions complained of by the debtors concern possible sanctions for violating the city's ordinances regarding housing, nuisances, and fire prevention. By their very nature the actions and any proceedings that may ultimately occur appear primarily related to matters of public safety and health. The debtors have submitted no evidence indicating that the city is attempting to protect a pecuniary interest in the debtors' property.

■ The second test for determining whether a governmental action is excepted from the automatic stay is the public policy test under which:

[C]ourts must distinguish between proceedings that adjudicate private rights and those that effectuate public policy. Those proceedings that effectuate a public policy are excepted from the stay. *In re Commerce Oil Co.*, 847 F.2d at 295.

Clearly, the actions taken by the moving defendants in this case are concerned with the public policy of maintaining certain standards with respect to housing, fire prevention and nuisances, and not taken to vindicate or adjudicate the rights of private individuals.

In the instant proceedings, the moving defendants are governmental units or employees of governmental units, and it is clear that the actions complained of by the plaintiff/debtors are an exercise of the governmental's traditional police or regulatory power. Therefore, under both the language and intent of § 362(b)(4), as well as under either of the two tests discussed above, the court finds as a matter of law that the automatic stay is not applicable to

the conduct complained of by the plaintiffs.[3]

Although the court is permitted to grant an injunction to the plaintiffs under § 105 of the Bankruptcy Code, no evidence has been submitted by the plaintiff/debtors to establish grounds for such relief.

For the foregoing reasons judgment will be entered in favor of the moving defendants.

---

**3.** Although § 362(b)(5) prevents governmental units from enforcing money judgments against debtors, that section—by virtue of its reference to § 362(a)(2)—only applies to judgments "ob- tained before the commencement of the case." It appears that any assessments made by the City of Dayton with respect to the property will be postpetition debts.