COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Moon, Judge Annunziata and
         Senior Judge Hodges
Argued at Richmond, Virginia

HERBERT W. LUX, JR.

v.        Record No. 1353-93-2        MEMORANDUM OPINION[*]
                                   BY JUDGE ROSEMARIE P. ANNUNZIATA
COUNTY OF SPOTSYLVANIA                   AUGUST 1, 1995

          FROM THE CIRCUIT COURT OF SPOTSYLVANIA COUNTY
                    D. W. Murphey, Judge Designate

     Nicholas A. Pappas (Nicholas A. Pappas & Associates, on
     brief), for appellant.

     Ronald M. Maupin (Gardner, Maupin & Sutton, on brief), for
     appellee.


     In a jury trial, appellant was convicted of two counts of

using water for which he had neither paid nor obtained a license

to use in violation of the Spotsylvania County Code § 22-7(4).

On appeal, he contends that the evidence was insufficient to

support his convictions.  We disagree and affirm the convictions.

     "On appeal, we review the evidence in the light most

favorable to the Commonwealth, granting to it all reasonable

inferences fairly deducible therefrom."  Martin v. Commonwealth,

4 Va. App 438, 443, 358 S.E.2d 415, 418 (1987).  "The jury's

verdict will not be disturbed on appeal unless it is plainly

wrong or without evidence to support it."  Traverso v.

Commonwealth, 6 Va. App. 172, 176, 366 S.E.2d 719, 721 (1988).

     Appellant, as a licensed builder in Spotsylvania County (the

_____
          [*] Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

County), obtained temporary water service from the County in 1990 during the construction of a dwelling at 5602 Glen Eagles Drive, Fredericksburg, Virginia. Generally, temporary water service was supplied by the County during new home construction and only for six months.[1] County ordinances require that the temporary water service be converted to a permanent residential connection when the house became occupied as a residence.[2]

County officials learned that appellant was residing in the house without having obtained an occupancy permit. Appellant had not paid the required availability and connection fees of $5400 to convert the temporary water service to a permanent connection.[3]

---

[1] Section 22-78 of the Spotsylvania County Code provides in pertinent part:

> For water required in building construction, the owner of the property upon which the building construction is taking place may make application for temporary water service upon filing an application and paying a flat fee of one hundred fifty dollars ($150.00) per connection plus cost plus twenty-five (25) percent. The period of temporary service shall be limited to six (6) months from the date of temporary water service installation.

[2] Section 22-4(a) of the Spotsylvania County Code provides in pertinent part:

> (a) The owners of all houses, buildings or properties used for human occupancy . . . shall be required to install suitable toilet and other disposable liquid waste facilitates therein, and to connect such facilitates directly with the public sewer, and to connect sources of water use to the public main.

[3] Section 22-67 of the Spotsylvania County Code provides in pertinent part:

Due to appellant's failure to pay the fees and the expiration of the temporary water service, the County disconnected appellant's water connection on January 31, 1992. When County employees returned to 5602 Glen Eagles Drive on March 18, 1992, they discovered that a device had been installed in appellant's water barrel to permit the extraction of water. They observed appellant removing the device from the water barrel later that day. On April 29, 1992, county employees saw a water hose connecting appellant's house to the water barrel of an adjacent vacant lot. The hose was leaking, signaling officials that water was being used at 5602 Glen Eagles Drive from the water supply of the adjoining property. At no time did the County reconnect appellant's temporary water service, nor did it give appellant permission to use County water after the disconnection.

Appellant was charged with violating § 22-7 of the

---

The availability and connection fees for water service for single family residences are as follows:
(1) Existing residence already having well system: An availability fee of one thousand nine hundred dollars ($1,900.00) plus a connection fee of three hundred dollars ($300.00), and an additional one hundred dollars ($100.00) to install the meter barrel.
(2) New residence: An availability fee of one thousand nine hundred dollars ($1,900.00) plus a connection fee of three hundred dollars ($300.00), and an additional one hundred dollars ($100.00) to install the meter barrel.
(3) New residence in subdivisions (set meter only): An availability fee of one thousand nine hundred dollars ($1,900.00) plus a connection fee of three hundred dollars ($300.00).

3

Spotsylvania County Code by opening a water valve or pipe to use County water when he had neither paid for nor obtained a license to use the water.[4]  From the evidence adduced at trial, the jury could have concluded that appellant installed the device on the water barrel at 5602 Glen Eagles Drive to extract water after the County disconnected his temporary water service.  He never paid the County the fee required to convert his account into a permanent residential service.  Moreover, the jury could have concluded that appellant obtained water from the water barrel of the adjacent lot by connecting it to his house with a hose. Thus, the evidence was sufficient to prove beyond a reasonable doubt that appellant violated Spotsylvania County Code § 22-7(4) on March 18 and April 29, 1992.  Appellant's subsequent attempts to pay for the water used did not absolve him of these intentional violations.

Further, the appellant's convictions may not be reversed as a result of his filing a Chapter 7 Bankruptcy Petition immediately prior to the County's disconnection of his water. Appellant argues that the discharge of the $5400 debt he owed to the County entitled him to permanent residential water service without having to pay for it.

_____

[4] Section 22-7 of the Spotsylvania County Code provides in pertinent part:  "It shall be unlawful for any person to:  . . . (4) Remove or injure any pipe, fire hydrant, or valve or open any of them so as to waste the water or to use the water for a purpose for which he has neither paid nor obtained a license to use it."

4

However, without objection from appellant, the jury was instructed: "If you find from the evidence that the Defendant had only a temporary water account, then the Bankruptcy proceedings have no applicability to this case and said Bankruptcy proceedings shall be disregarded." Instructions given without objection by appellant became the law of the case. See Infant C. v. Boy Scouts of America, 239 Va. 572, 579, 391 S.E.2d 322, 326 (1990). As appellant has conceded, there was no evidence that his water service was anything but temporary. When we apply the law of the case to the evidence, therefore, the bankruptcy proceedings have no relevance.

Furthermore, the discharge of the debt only prevented the County from pursuing a judgment against appellant. It in no way obligated the County to provide appellant the permanent residential service for which he had not paid. See Arkansas Real Estate Commission v. Veleto, 303 Ark. 475, 479, 798 S.W.2d 52, 55 (1990).

Finally, appellant's argument that the disconnection of his water supply violated the automatic stay protection afforded by Section 362 of the Bankruptcy Code is without merit. One of the exceptions to the automatic stay protection is 11 U.S.C. § 362(b)(4), which permits a governmental unit to act pursuant to its police or regulatory power during the pendency of the automatic stay. Section 362(b)(4) lifts the restraints of the automatic stay and permits governmental action to protect the

5

public health and safety but not to protect a pecuniary interest of the governmental unit.  In re Lux, 159 B.R. 458, 460 (Bankr. E.D. Va. 1992).

In cutting off appellant's water, the County acted to protect the health and safety of its residents by enforcing its ordinances.  Appellant had not complied with the ordinance requiring all persons to obtain an occupancy permit before occupying a new residential dwelling.  Therefore, the County was not in violation of the automatic stay when it cut off appellant's water.

For the reasons stated, we affirm appellant's convictions.

Affirmed.