**In re Douglas S. NEASE and Brenda M. Nease, Debtors.**

**No. 9:07-bk-01191-ALP.**

United States Bankruptcy Court,
M.D. Florida,
Fort Myers Division.

April 1, 2008.

---

Edward R. Miller, Gregory Champeau, Robert E. Tardif, Jr., Miller and Hollander, Naples, FL, for Debtors.

***ORDER ON DEBTORS' MOTION FOR SANCTIONS AS TO CHARLOTTE COUNTY CODE ENFORCEMENT BOARD***

(Doc. No. 83)

ALEXANDER L. PASKAY, Bankruptcy Judge.

THE MATTER under consideration in this Chapter 13 case of Douglas S. Nease and Brenda M. Nease (Debtors) is symptomatic of the currently prevailing market conditions in Southwest Florida, and presents a problem which is not easy to resolve. The specific matter before this Court is a Motion for Sanctions as to Charlotte County Code Enforcement Board (Motion) filed by the Debtors alleging deliberate and contumacious conduct by the County in violation of the automatic stay imposed by Section 362 of the Bankruptcy Code.

In due course, the County, incorrectly identified by the Debtors as the "Code Enforcement Board of Charlotte County," replied to the Motion and contended that its actions were within the exceptions to the operation of the automatic stay by virtue of Section 362(b)(4) of the Bankruptcy Code. The underlying facts relevant to the resolution of the Debtors' right to the relief are without dispute and can be summarized as follows.

The Debtors filed their Petition for Relief under Chapter 13 of the Bankruptcy Code on October 15, 2007. In due course, the Debtors filed their Chapter 13 plan in which they provided for the surrender of their residence located at 349 Rosemary Street, Port Charlotte, Florida 33954. The property was to be surrendered to the holder of the mortgage, Litton Loan Servicing. Unfortunately, Litton had not taken any action to enforce its right to the property, although the Debtors moved out of the residence in December 2006, well prior to the commencement of their Chapter 13 case, and have not returned.

On October 15, 2007, the County sent a Notice of Violation and a Notice of Hearing to the Debtors. On October 25 2007, counsel for the Debtors sent a letter of cease and desist to the County, informing the County of the bankruptcy and that the current owner of the property is Litton Loan Servicing. (Motion, Exh. 1). On January 17, 2008, an Amended Notice of Violation and an Amended Notice of Hearing were sent to the Debtors. (Motion, Exh. 2). According to the Debtors, the County, knowing that the Debtors filed their bankruptcy, proceeded to press its efforts to enforce the county code violation. The specific violation does not appear in the Debtors' Motion. It is identified in the County's Response to the Motion for Sanctions (Doc. No. 97) as a violation of Section 2-5-72 of Charlotte County Code of Laws and Ordinances. This Section states:

(a) No owner of a developed lot shall permit, allow or maintain excessive growth on said developed lot. The department shall provide that a citizen of the county may report, either in writing or orally, that a developed lot has excessive growth. Upon receiving a report of a developed lot in violation, the department shall:

(1) Inspect the developed lot within three (3) working days to determine that a violation has occurred.

(2) If the developed lot is in violation, take action to service notice, in writing, within three (3) working days to the owner that his property is in violation of this section. The notice shall state that the owner has not more than ten (10) calendar days to comply and that failure to comply will result in a penalty as may be determined by the code enforcement board.

(3) The department shall reinspect the developed lot within twenty (20) working days after the first notice of violation.

(b) Upon finding a violation of this section, the Charlotte County Code Enforcement Board shall notify the board of county commissioners.

(c) Upon the expiration of the time for compliance as ordered by the code enforcement board, the board of county commissioners or its designee may cause to cut and keep cut such successive growth on the developed lot upon which the violation exists, and may cause to be performed any other reasonable work necessary to bring the subject property into compliance with this section.

(d) The reasonable costs of such work, and all incidental costs, shall be in addition to, and included in, the fine imposed by the code enforcement board and shall constitute a lien against the land on which the violation exists and upon any other real or personal property owned by the violator, pursuant to section 162.09, Florida Statutes.

It is without dispute that the Debtors did not take care of the property since they moved out in December 2006.

This record leaves no doubt that the action of the County was a governmental action within the governing body's "police and regulatory power," which falls squarely within the exception to the operation of the automatic stay under Section 362(b)(2) of the Code. *See Blunt v. City of Jacksonville (In re Blunt),* 210 B.R. 626 (Bankr.M.D.Fla.1997) citing *Javens v. City of Hazel Park (In re Javens),* 107 F.3d 359 (6th Cir.1997) (demolition of property in enforcement of building and fire codes was excepted from the automatic stay); *In re Koeller,* 170 B.R. 1019, 1022 (citing orders for compliance with ordinances and for property demotion did not violate automatic stay); *Lux v. County of Spotsylvania Bd. of Supervisors (In re Lux),* 159 B.R. 458, 461 (Bankr.E.D.Va.1992) (finding exception to stay for disconnecting water from home); *Matter of Catalano,* 155 B.R. 219, 221 (Bankr.D.Neb.1993) (finding exception to stay for condemnation proceeding to rid city of unsafe structure); *Smith–Goodson v. CitFed Mtg. Corp. (In re Smith–Goodson),* 144 B.R. 72, 75–75 (Bankr.S.D.Ohio 1992) (finding exception to stay for violations of city ordinances in connection with real property).

Counsel for the Debtors, on one hand, contends that there is no evidence in the record to warrant the application of Section 362(b)(4), because the amendments to the section in 1998 changed the exception to the police and regulatory power of a State and limited the reach of the exception to actions and proceedings by a governmental unit to enforce police regulatory powers against any organization exercising authority under the Convention on the Prohibition of the Development, Production, Stockpiling and Use of Chemical Weapons. The legislative history of this amendment leaves no doubt that, notwithstanding the ambiguous language of the

amendment, there was no intent by Congress to eliminate the application of the section to governmental police and regulatory power in general. On the other hand, the Debtors argued that they do not oppose any *in rem* proceeding against the property, at least to impose a lien on the property, but maintained that the County cannot impose a personal liability on them because they surrendered the property in question. The contention of Debtors' counsel that the action of "surrender" divested any legal interest of the Debtors in the subject property is improper. Florida is a lien state, and the interest of a mortgagee is merely a lien interest because the legal title still remains in the Debtors until they are removed as of public record through a foreclosure proceeding or the execution of some document conveying the title to some other entity. Thus, the County is correct in utilizing the Bankruptcy Code provisions to enforce the ordinance. It is quite clear that the County cannot impose a personal liability, but its remedy is limited to an *in rem* proceeding to impose a lien on the subject property, or under the police power, subject the property to condemnation as a public nuisance. It would be patently unfair under the undisputed facts of this case to conclude that the exception to the operation of the automatic stay provided for by Section 362(b)(4), permits a governmental unit to impose or to attempt to impose a personal liability on a debtor who surrendered the property, although still remained the legal owner in the public record, not because of their fault but because of the reluctance of the lien holder to acquire legal title to the property.

Based on the foregoing, this Court is satisfied that while the imposition of fines and imposition of personal liability on the Debtors would be technically permissible, thus the actions of the County to proceed was not a willful violation of the automatic stay, this Court is also satisfied that the County's remedy should be limited to the imposition of a lien or a condemnation procedure as mentioned above.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Debtor's Motion for Sanctions (Doc. No.83) be, and the same is hereby, granted in part and the County shall not proceed to take any action to impose a personal liability on the Debtors, but denied in part to impose any sanctions on the County for the willful violation of the automatic stay.

DONE and ORDERED.